JANUARY TERM, 1883, No. 224.    MARCH 26, 1883.

## The West Philadelphia Bank *v.* Green.

1. Where a bank has paid out a depositor's money upon checks, upon which the indorsements of the payees were forged, in an action thereon by the depositor against the bank, it is no defense to show that the plaintiff has obtained some collateral security to re-imburse him for his loss occasioned by the acts of the forger, if nothing has been realized out of that security.

2. The acceptance by the depositor from the forger of the latter's judgment note for the amount of notes for which the checks, with forged indorsements, were given, is not a fact sufficient to constitute an estoppel in such an action.

[The West Philadelphia Bank *v.* Green.]

Before MERCUR, C. J.; GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ.

Error to the Court of Common Pleas, No. 1, of *Philadelphia County.*

*Assumpsit* by Elijah Green against the West Philadelphia Bank, to recover a sum of money which had been paid by the bank, out of plaintiff's money deposited with it, upon presentation of plaintiff's checks, indorsed with forgeries of the names of the respective payees.

The material facts, as they appeared on the trial before BIDDLE, J., are as follows: The plaintiff, Green, was a depositor in the defendant's bank, and kept an account there from 1874 till November 18, 1879. Green did some business as a note discounter, and between March, 1878, and October, 1879, he discounted seven notes brought to him by one Davis P. Garrett, drawn by Garrett to the order of some one of the following-named persons, who had apparently indorsed the notes in which they were payees respectively: John S. Rodgers, H. G. Carter, and Davis Garrett, the maker's father. Green gave Garrett his check for the face of each note, less the discount, drawn to the order of the payee. Garrett indorsed each check with the name of its payee, then with his own, and then obtained the money from the bank, where he was well known and a depositor. In October, 1879, Green discovered that the first indorsements on the notes and on the checks had been forged. He endeavored to get a settlement from Garrett, who gave him his judgment note for $4,700, (the amount of the notes in Green's possession, upon which he had forged indorsements,) and promised to obtain security for its payment. This he failed to do, but left the city, and, shortly after, returned and died. The judgment note was entered up and execution issued, proceedings upon which were pending at the time of the trial. Green, on November 6, 1879, notified the bank that he should look to it for payment of the checks bearing the forged indorsements; and upon its refusal to do so, brought this suit.

It was in evidence that Green had stated to several persons that he drew the checks to correspond with the notes. The checks sued on were paid out as follows: March 20, 1878, $200; November 15, 1878, $200; May 3, 1879, $188; August 2, 1879, $188; August 16, 1879, $126; August 27, 1879, $176, and October 9, 1879, $192.

The defendant presented, *inter alia*, the following point: "Unless Green can show that he has lost some-

[The West Philadelphia Bank *v.* Green.]

thing by this transaction, he cannot recover in this suit and your verdict must be for the defendant." Refused.

(Eighth assignment of error.)

The Court instructed the jury that they should find for plaintiff for his full claim.

(Tenth assignment of error.)

The jury found for the plaintiff for the full amount of his claim, and judgment was entered upon the verdict, whereupon the defendants took this writ, assigning for error, *inter alia*, the refusal of their point stated above and the action of the Court in directing a verdict for plaintiff.

*Samuel B. Huey* and *John G. Johnson* for plaintiff in error.

Garret being the maker of the notes for which the checks sued on were given, and these not being paid at maturity, they would have been protested, and the indorser and Green notified, and the whole of Garrett's doings disclosed. If these notes had not matured, it was incumbent on Green to have so shown, for it was a fact peculiarly within his own knowledge, and even if the duty was not on him, the longest discount period in Philadelphia is, by a well-settled custom, four months, and the jury would have been fully justified in finding that at least a part of these notes had been already paid ; and the payment of the notes by Garrett would be as good a payment, in relief of the bank, as if the money had been paid by its paying teller.

Again, had Green brought suit against Garrett for money had and received, this would have been a waiver of his claims against the bank. This he has done in substance, for such a suit could only have resulted in a judgment for the amount of the checks, or, what is the same thing, for the amount of the notes. Precisely this result was reached when Green accepted the judgment note and entered it up. With such a condition of fact, it was error to withdraw the case from the jury and direct a verdict in favor of the plaintiff below. There was evidence from which to find, if indeed a presumption *juris et de jure* had not arisen, that the plaintiff had accepted Garrett as his sole debtor and exonerated the bank.

*N. B. Thompson* and *M. Hampton Todd* for defendant in error.

The bank could not justify the payment of our money on a forged indorsement, even if we had been paid for

[Witmer, *et ux.*, *v.* The Co-operative Building and Loan Association.]

the notes for which the checks with forged indorsements were given.   This view it is unnecessary to urge, as there is not a particle of evidence to show that such notes were paid, but it is in evidence that Davis P. Garrett was in-debted to Green in the sum of $4,775, as shown by his judgment note.

APRIL 9, 1883.—PER CURIAM:   It is an undoubted fact that the bank paid out the money of the defendant in error on forged checks.   The fact that the latter has obtained some collateral security to re-imburse him for the acts of the forger is no reason why a recovery may not be had against the bank.   Nothing has been realized out of that alleged security.   It is therefore no defense to this action.   The facts are not sufficient to constitute an estoppel.

Judgment affirmed.